

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed November 29, 2012**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LASHUNDA STEVENSON, | § | Case No. 12-20327-rlj-13 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| JUAN ANTONIO VEGA and | § | Case No. 12-20345-rlj-13 |
| JUANITA TORRES VEGA, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| JACQUELYN ALEXANDER, | § | Case No. 12-20348-rlj-13 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| ROGER ISAIAH RUIZ and | § | Case No. 12-20353-rlj-13 |
| SUELIN LUPE RUIZ, | § | |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| | § | |
| | § | |
| JOSEPH WESLEY MAYS and | § | Case No. 12-20400-rlj-13 |
| CHRISTY JOYCE MAYES, | § | |
| | § | |
| Debtors. | § | |

**OMNIBUS MEMORANDUM OPINION AND ORDER**

The Standing Chapter 13 Trustee, Walter O'Cheskey, filed his motion in each of the above cases seeking an intra-district transfer of the cases from the Amarillo Division to the Lubbock Division. O'Cheskey is not the Standing Chapter 13 Trustee for the Lubbock Division. The debtors oppose the transfer of venue and have filed their brief in support of their opposition.

It is not disputed that each of these cases was filed in the Amarillo Division of the Northern District of Texas despite the fact that the debtors in all of the cases reside in a county that is within the Lubbock Division of the Northern District of Texas. It is not entirely clear to the Court how this was effected, but the Court was advised by counsel for the trustee that it was done by the debtors providing incorrect identifying information concerning their county of residence as a way to override the automatic assignment of the cases to the proper division.[1] The debtors want these cases to remain in the Amarillo Division to avoid the "emotional distress" to them caused by the publication of their filing in the Lubbock newspaper. In the *Mays* case [Case No. 12-20400], the debtors assert the additional basis that they wish to avoid the Lubbock Division's requirement that mortgage payments be made "inside" the plan (through the Standing Chapter 13 Trustee) and the resulting additional charge of a trustee's commission.

[1]The Court notes that it is *never* appropriate to purposely provide wrong information on forms or pleadings filed with the Court.

As correctly noted by the debtors, the statutory provisions addressing venue and venue transfers for bankruptcy cases concern the proper *district* for venue, not the proper division within a district. The Court assigns cases based on the county of residence. *See* N.D. Tex. L.B.R. App. D. The debtors do not contend that the Court's assignment of cases among the divisions is arbitrary or unfair. The Court assumes the assignment results in the division nearest the debtors' residences. This would likewise tend to reflect the division nearest the debtors' creditors and other parties in interest. In short, it is the most convenient location for the filing. It is solely within the Court's discretion whether to allow a case to proceed in a division other than the properly assigned one. The Court is not inclined to allow transfers within the district unless doing so better serves the interests of justice or is of convenience to the parties. The publication of a debtor's filing in a local newspaper or a difference in how a chapter 13 plan is administered fails to satisfy either criteria.

Upon the foregoing, it is hereby

ORDERED that the trustee's motions seeking transfer of the styled cases to the Lubbock division are granted.

### End of Memorandum Opinion and Order ###